GISKAN SOLOTAROFF & ANDERSON LLP
217 Centre Street, 6th Floor
New York, New York 10013
(646) 964-9609
Jason L. Solotaroff
Amy E. Robinson
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JAVASHIA JOHNSON,

                    Plaintiff,                    **COMPLAINT**

          -against-                                   Dkt. No.: 18-cv-9347

CONSTRUCTION AND REALTY SERVICES GROUP, INC.,     **RELATED CASE:**
and TRADE OFF LLC,                                      **18-CV-4782 (PAE)**

                    Defendants.

------------------------------------------------------------------------X

      Plaintiff Javashia Johnson, by her attorneys Giskan Solotaroff & Anderson LLP, for her complaint against Defendants Construction and Realty Services Group Inc., Trade Off LLC, alleges as follows:

### Preliminary Statement

      1.     This is an action for sexual harassment, gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the New York City Human Rights Law ("NYCHRL").

      2.     Ms. Johnson worked as a laborer for Defendants on various construction sites from January to October 2015 and again from October 2016 to May 2017. During those two time periods, Ms. Johnson was sexually harassed by three different supervisors.

## THE PARTIES

3. Plaintiff Javashia Johnson is an African American woman who lives in Brooklyn, New York.

4. Defendant Construction and Realty Services Group Inc. ("CRSG") is a corporation organized under the laws of New York with its principal place of business in Lynbrook, New York.

5. Defendant Trade Off LLC ("Trade Off") is a corporation organized under the laws of Delaware with its principal place of business in Lynbrook, New York.

6. Trade Off is a division of CRSG. Trade Off and CRSG (collectively "Defendants") have common ownership and directors, share management and human resources services, share payroll and insurance programs, have common employees and managers and share office space. Indeed, Trade Off employees are covered under benefit plans in the name of CRSG.

7. Neither of the defendant companies offer any sexual harassment prevention mechanisms such as training or an effective complaint procedure.

## VENUE AND JURISDICTION

8. This Court has jurisdiction over Ms. Johnson's Title VII claim pursuant to 28 U.S.C. § 1343 and § 1331. Ms. Johnson filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on January 25, 2018. The EEOC issued a right to sue letter, attached hereto as Exhibit A, on August 3, 2018. This Court has jurisdiction over Ms. Johnson's claims under the New York City Human Rights Law pursuant to 28 U.S.C. § 1367.

9. Venue is properly before this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this District.

10. This Court has personal jurisdiction over Defendants because they operate businesses in New York State, conduct business in New York State, and employed Plaintiff within New York State.

**FACTS**

11. Ms. Johnson worked for Defendants during two time periods: from January 2015 until October 2015, and from October 2016 until May 2017.

12. During both time periods Ms. Johnson worked for Defendants, she was sexually harassed. The sexual harassment began within the first two months of Ms. Johnson's employment with Trade Off.

13. In approximately March 2015, Plaintiff was assigned to work at a construction site at 68 Charlton Street in Manhattan. The foreman at 68 Charlton Street, Tim Tuitt, would constantly proposition Ms. Johnson for sex. Tuitt also rubbed his body against Plaintiff's, touched her inappropriately, and made offensive sexual gestures in her presence.

14. When Ms. Johnson told Tuitt she was not interested in having a sexual relationship with him, Tuitt treated Ms. Johnson harshly and unfairly, including disciplining Ms. Johnson for being slightly late – even though other workers would routinely arrive late without any negative consequences.

15. Ms. Johnson spoke with her Trade Off coworkers about Tuitt's behavior. Plaintiff wanted to complain to senior managers at Trade Off about his behavior, but her coworkers warned her that she would be retaliated against if she spoke up.

16. In September 2015, the harassment reached a new level, and Ms. Johnson felt compelled to speak with Earl Williams, a site supervisor for Trade Off at the Charlton Street site, about Tuitt's ongoing harassment.

17. Williams agreed to move Ms. Johnson to a different part of the building so that she would not be supervised by Tuitt.

18. However, then Williams proceeded to sexually harass Ms. Johnson.

19. Williams repeatedly touched Ms. Johnson inappropriately and asked her to have sexual relations with him.

20. On one occasion, when Ms. Johnson was picking up her paycheck from Williams at a Dunkin Donuts near the Charlton Street site, Williams grabbed Ms. Johnson's breast and suggested that she accompany him to a room he had on the 8th floor of the building to perform oral sex on him.

21. When Ms. Johnson rebuffed Williams, he began to falsely accuse her of causing confrontations.

22. In October 2015, a coworker advised Ms. Johnson that Williams was making allegations against her so that she could be fired. Sure enough, Williams fired Ms. Johnson the following week.

23. Ms. Johnson complained to Justin Hagedorn, one of Trade Off's senior managers, about the sexual harassment and about the retaliatory termination. Hagedorn said there was nothing he could, and that Ms. Johnson would have to work things out with Williams if she wanted to return to work.

24. For approximately one year, Ms. Johnson was not employed by any of the defendants.

25. In October 2016, Ms. Johnson received contact information for Trade Off's Human Resources Department. She spoke with an employee there named Natasha. Natasha invited Ms. Johnson to a meeting.

26. At the meeting, Ms. Johnson told Natasha about the harassment she had suffered from Tuitt and Williams. Natasha informed Ms. Johnson that Tuitt had been fired because of sexual harassment complaints made by other female Trade Off employees and that Williams was no longer working there. Natasha told Ms. Johnson that she would have her reinstated.

27. In October 2016, Ms. Johnson was assigned to a work site at 118 Fulton Street in Manhattan. The supervisor there was Anthony Taylor. Taylor began to spread false rumors that he and Ms. Johnson had sexual relations and pressured Ms. Johnson to have sex with him. Taylor also told one of Ms. Johnson's coworkers that he would provide extra overtime work to female workers who agreed to have sex with him on a weekly basis.

28. When Ms. Johnson resisted Taylor's advances, he attempted to have her fired from the site.

29. In April 2017, Ms. Johnson had a conversation with Jason Abadie, a senior Trade Off executive. Abadie told Ms. Johnson she might be laid off because there was not a lot of work at the Fulton Street site. Abadie's statement seemed false to Ms. Johnson as it appeared that, if anything, more workers were needed at the Fulton Street site.

30. Ms. Johnson told Abadie that she should not have to have sex with her manager to keep her job. She then related the details of the sexual harassment she had experienced. Abadie appeared alarmed and told Ms. Johnson to continue to work at the Fulton Street site.

31. When Ms. Johnson returned to work, Taylor was not there anymore.

32. Ms. Johnson's Fulton Street coworkers told her that they had heard supervisors talking about how they were concerned that Ms. Johnson would sue them to sexual harassment.

33. Several days later, in May 2017, Ms. Taylor was terminated from Trade Off.

## FIRST CLAIM FOR RELIEF
(Sexual Harassment in Violation of Title VII)

34. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

35. Defendants discriminated against, and harassed Plaintiff in the terms and conditions of her employment, based on her sex, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

## SECOND CLAIM FOR RELIEF
(Sexual Harassment in Violation of NYCHRL)

36. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs above as if fully set forth herein.

37. Defendants discriminated against, and harassed Plaintiff in the terms and conditions of her employment based on her sex in violation of the NYCHRL.

WHEREFORE, Plaintiff demands judgment:

1. Enjoining Defendant from harassing Plaintiff on the basis of her sex, in the terms and conditions of her employment;

2. Awarding Plaintiff back pay;

3. Awarding Plaintiff compensatory damages, including but not limited to damages for emotional distress;

4. Awarding Plaintiff punitive damages;

5. Awarding reasonable attorneys' fees, costs, and expenses, and

Granting such other legal and equitable relief to the Plaintiff as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: New York, New York
October 11, 2018

                GISKAN, SOLOTAROFF & ANDERSON LLP

                s/_____
By:    Jason L. Solotaroff
       Amy E. Robinson
       217 Centre Street
       New York, New York 10013
       646-964-9609
       jsolotaroff@gslawny.com
       arobinson@gslawny.com
       *ATTORNEYS FOR PLAINTIFF*